[Cite as *Johnson v. St. Claire*, 2018-Ohio-2510.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALICIA JOHNSON, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellees | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17CA77 |
| BRIDGETTE ST. CLAIRE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland Common Pleas Court, Case No. 2015 CV 1083 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | June 21, 2018 |
| APPEARANCES: | |

| For Plaintiff-Appellees | For Defendant-Appellant |
|---|---|
| NO BRIEF FILED | NICHOLAS D. ATTERHOLT<br>Weldon, Huston & Keyser, L.L.P.<br>76 North Mulberry Street<br>Mansfield, Ohio 44902 |

*Hoffman, P.J.*

**{¶1}** Appellant Bridgette St. Claire appeals the judgment entered by the Richland County Common Pleas Court awarding Appellees Alicia and Robert Johnson damages in the amount of $48,385.11 on their claim for breach of contract.

<u>STATEMENT OF THE CASE[1]</u>

**{¶2}** On August 28, 2015, Appellees filed the instant action against Appellant, setting fourth six counts in their complaint:  Count One, breach of an oral promise to repay money; Count Two, unjust enrichment; Count Three, assault; Count Four, defamation; Count Five, forgery; and Count Six, intentional infliction of emotional distress.

**{¶3}** The case proceeded to bench trial in the Richland County Common Pleas Court on July 20, 2017.  Following bench trial, the trial court issued a judgment in favor of Appellees on their claim for breach of an oral promise to repay money loaned to Appellant, and awarded damages in the amount of $48,385.11.  The court did not rule on the remaining counts set forth in the complaint.

**{¶4}** It is from the August 17, 2017 Judgment Entry, Appellant prosecutes this appeal, assigning as error:

"I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DETERMINING THAT THE STATUTE OF FRAUDS DID NOT BAR ANY ALLEGED ORAL AGREEMENT.

---

[1] A recitation of the facts is unnecessary for our disposition of this appeal.

"II.   THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DETERMINING THAT A VALID ORAL AGREEMENT EXISTED BETWEEN PLAINTIFF-APPELLEE AND DEFENDANT-APPELLANT IN REGARDS TO ANY MONIES ALLEGEDLY LOANED.

"III.   THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DETERMINING THAT A VALID ORAL AGREEMENT EXISTED IN REGARDS TO THE GIFT FROM PLAINTIFF-APPELLEE TO DEFENDANT-APPELLANT OF A KUBOTA TRACTOR AND A FOUR WHEELER.

"IV.   THE TRIAL COURT'S CALCULATION DETERMINATION OF DAMAGES FOR PLAINTIFF-APPELLEE AGAINST DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶5}   As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). In the event the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. *See Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

{¶6}   To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable.

{¶7}   R.C. 2505.02(B) provides, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶8} Civ.R. 54(B) provides:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶9}** Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties; as is the case here, the order must also satisfy Civ. R. 54(B) by including express language "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 187, ¶ 7, *citing State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101, ¶ 5–7. We note, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, (1989). To be final and appealable, the judgment entry must also comply with R.C. 2505.02. *Id.*

**{¶10}** The entry in the instant case does not dispose of the claims set forth in counts two through six of the complaint, and does not include Civ. R. 54(B) language "there is no just cause for delay."[2] We find the August 17, 2017 judgment appealed from is not a final, appealable order, and we therefore do not have jurisdiction over this appeal.

---

[2] We are not determining whether the inclusion of Civ.R. 54(B) language in this matter would have rendered the judgment a final appealable order.

**{¶11}** The appeal is dismissed.

By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur